## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>               Plaintiff,<br><br>vs.<br><br>JUAN ANTONIO AVILA,<br><br>               Defendant. | **ORDER ON REPORT AND RECOMMENDATION**<br><br>**Case No.  1:19-CR-25-DAK-CMR**<br><br>**Judge Dale A. Kimball**<br>**Magistrate Judge Cecilia M. Romero** |

This court referred the case to Magistrate Judge Romero under 28 U.S.C. § 636(b)(1)(A) to hear and determine all pretrial matters in this case.  This matter is presently before the court on Magistrate Judge Cecilia M. Romero's Report and Recommendation, under 28 U.S.C. § 636(e)(6)(B)(iii), certifying facts to this court as constituting civil contempt.

Under § 636(e)(6)(B)(iii), "the magistrate judge shall forthwith certify facts to a district judge and may serve or cause to be served, upon any person whose behavior is brought into question under this paragraph, an order requiring such person to appear before a district judge upon a day certain to show cause why that person should not be adjudged in contempt by reason of the facts so certified."  Upon receipt of those certified facts, " [t]he district judge shall thereupon hear the evidence as to the act or conduct complained of and, if it is such as to warrant punishment, punish such person in the same manner and to the same extent as for a contempt committed before a district judge."

The Report and Recommendation details Lory Rosenberg and Mark Alvarez's failure to

appear at a court hearing regarding their partner Aaron Tarin's ability to represent Defendant in this matter despite the Magistrate Judge's order that they appear. The Report and Recommendation then recommends that the district judge hold a show cause hearing as to why Ms. Rosenberg and Mr. Alvarez should not be held in contempt and sanctioned.

The Report and Recommendation states that Ms. Rosenberg and Mr. Alvarez informed the court that they did not appear at the status conference because the court had already asked Assistant Federal Defender Vanessa Ramos to represent Defendant. But it appears from the certified facts that Ms. Ramos was not appointed to represent Defendant until after the status conference and she had been at that hearing and a previous hearing in the role of stand-by counsel.

In confirming that the Report and Recommendation had been served on Ms. Rosenberg and Mr. Alvarez, the court learned that they are not members of the federal bar in this District. As such, they could not have filled in for their partner, Mr. Tarin, when he was unable to represent Defendant. This fact, however, did not preclude them from appearing to provide factual confirmation that Mr. Tarin was unable to continue with Defendant's representation. Because they were needed at the hearing for a factual basis as well, not just the potential representation of Defendant, they were in fact in contempt of court for failure to appear. There appears, however, to have been some miscommunication between the court and Ms. Rosenberg and Mr. Alvarez as to the purpose for their appearance at the hearing. Before disregarding the court's order to appear, or assuming that they need not appear because they were unable to represent Defendant in federal court, Ms. Rosenberg and Mr. Alvarez had the duty, under court

2

order to appear, to clarify to the court that they could not represent Defendant.  That clarification would have allowed the court to determine whether their presence at the status conference was actually necessary.  Moreover, Ms. Rosenberg and Mr. Alvarez should not have failed to appear unless and until the court determined that their presence was unnecessary.  The court, therefore, agrees with Magistrate Judge Romero that the certified facts demonstrate a civil contempt.

Given that the court was unaware that Ms. Rosenberg and Mr. Alvarez are not members of the federal bar and cannot practice in this court and the apparent miscommunication between them and the court, the court is not inclined to sanction them for their failure to appear.  The court, therefore, does not believe that a show cause hearing is necessary.  However, the court gives Ms. Rosenberg and Mr. Alvarez a strong warning that they are not to disregard court orders.  It was their duty to explain to the court in writing why their presence was unnecessary. Unless and until the court determined that their presence was not necessary, they should have appeared as ordered by the court.  Such appearance would have clarified the misunderstanding as to their role at the hearing.  If any such failures to follow court orders happen in the future, the court will consider sanctions.  The court also notes that such behavior could impact their ability to be members of the federal bar in this District.

DATED this 11th day of August, 2020.

BY THE COURT:

DALE A. KIMBALL
United States District Judge